UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND

MISCELLANEOUS NO. 04-1-HRW

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

GREG SCOTT GALLION                                          DEFENDANT


REPORT AND RECOMMENDATION

On October  26, 2005 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, GREG SCOTT GALLION, show cause why his supervised release should not be revoked. The defendant was present in court and represented by Mike Westling and the United States was present through Assistant United States Attorney, Laura Voorhees. The proceedings were recorded by official court reporter Joan Averdick and conducted pursuant to 18 U.S.C. § 3401(I). The defendant admitted violating the terms of his supervised release as set out in the March 11, 2005 violation report of U.S.P.O. Brandan S. Hall.

After pleading guilty to Bank Robbery in violation of 18 U.S.C. § 2113, the defendant was sentenced on May 12, 1998 in U.S. District Court for the Southern District of Florida to a period of 77 months imprisonment followed by three years supervised release.  A special condition of that supervision directed Gallion to participate in substance abuse treatment and to provide full financial disclosure.  The defendant's supervision was transferred to the Eastern District of Kentucky on October 20, 2003 for courtesy supervision and full jurisdiction was accepted on May 14, 2004.

1

On October 29, 2003 a violation letter was submitted advising of the defendant's use of cocaine and involvement with other persons engaged in criminal behavior.  As a result of that violation letter, the Court directed on December 15, 2003 that Gallion be referred for substance abuse counseling and upon being confronted with the infraction, Gallion enrolled in the out-patient drug aftercare regimen presented by Transition Inc. in Ashland, Kentucky.  The defendant now stands charged with the following new violation of his supervised release:

**STANDARD CONDITION: While on supervised release you shall not commit another federal, state, or local crime.**

On October 8, 2004 the defendant was indicted in the Cabell Circuit Court (West Virginia), Case 04-F-206 charging him with passing fraudulent checks in the following amounts:

$616.27 (Count 1)
$351.87 (Count 2)
$287.27 (Count 3)
$80.74 (Count 4)

The indictment alleged that the fraudulent conduct occurred from April 1, 2004 through April 6, 2004.  On February 9, 2005 Gallion pled guilty to a stipulated lesser offense of Attempt to Commit a Felony as to Count 2 of the Cabell Circuit Court indictment and he was sentenced to a term of not less than one nor more than three years in custody with the state judgment to run consecutive to his federal sentence.

Although the Sentencing Guidelines have a range of 21-27 months, the statute maximum is two years and the parties have reached an agreement whereby the defendant agrees to serve 24 months with no supervised release to follow.  The Court having questioned the defendant as to his understanding of the agreement and being satisfied that he voluntarily enters this agreement upon advice of counsel, accordingly;

2

**IT IS RECOMMENDED:**

1.     That the defendant be found to have violated the terms of his supervised release as set out

above;

2.     That the defendant, GREG SCOTT GALLION  be sentenced to the custody of the

Attorney General for a period of **TWENTY-FOUR (24) MONTHS** with no supervised

release to follow and that the sentence be served at FCI-Ashland.

Particularized objections to this Report and Recommendation must be filed within ten (10) days

of the date of service of the same or further appeal is waived.  Thomas v. Arn, 728 F.2d 813 (6th Cir.

1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the**

**defendant wishes to address the District Court prior to sentencing, the defendant must so notify**

**the Court in writing within ten (10) days.**  A party may file a response to another party's objections

within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 26th day of October, 2005.

Signed By:

*J. Gregory Wehrman*  J. G. W.

United States Magistrate Judge

3